Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000072
27-SEP-2018
08:46 AM

CAAP-16-0000072

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ZACHARY FRED BAILEY, Plaintiff-Appellee, v.
BURRELLE DAVID DUVAUCHELLE, TRUSTEE UNDER
DUVAUCHELLE FAMILY TRUST U/D/T DATED
AUGUST 14, 2008, Defendant-Appellant
and
BETTY J. DUVAUCHELLE, TRUSTEE UNDER
LIVING TRUST OF BURRELLE DUVAUCHELLE AND
BETTY DUVAUCHELLE U/D/T DATED 7/1/91, Defendant-Appellee,
and
LAURENCE H. DORCY, JR.,
Defendant/Third-Party Plaintiff-Appellee,
and
MARY PETERSON,
Third-Party Defendant-Appellee,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10,
DOE PARTNERSHIPS 1-10, DOE ASSOCIATIONS 1-10, AND
DOE GOVERNMENTAL AGENCIES 1-10, Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 06-1-0218(1))


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Burrelle David Duvauchelle, Trustee

under Duvauchelle Family Trust U/D/T Dated August 14, 2008

(**Burrelle**), appeals from the Amended Final Judgment (**Amended**

**Final Judgment**) entered by the Circuit Court of the Second

Circuit (**Circuit Court**) on January 19, 2016.[1] Burrelle also challenges the Circuit Court's: (1) June 26, 2013 Order Granting Plaintiff Zachary Fred Bailey's Motion for Order of Voluntary Dismissal with Prejudice of the First Claim for Relief, and the Third through Eighth Claims for Relief of Plaintiff's First Amended Complaint (**2013 Dismissal Order**); (2) May 14, 2014 Order Denying Defendant's Motion to Vacate the Final Judgment Filed July 16, 2013 and the June 26, 2013 Order Dismissing with Prejudice Plaintiff's Claims 1 and 3 through 8 of the First Amended Complaint, Filed April 3, 2014 (**Order Denying First Motion to Vacate**); (3) October 2, 2014 Order Denying Defendant's Second Motion to Vacate the Final Judgment Filed July 16, 2013 and the June 26, 2013 Order Dismissing with Prejudice Plaintiff's Claims 1 and 3 through 8 of the First Amended Complaint, Filed August 20, 2014 (**Order Denying Second Motion to Vacate**); and (4) November 10, 2015 Order Denying Defendant's Motion for Leave to File a Proposed Counterclaim against Plaintiff (**Order Denying Motion for Leave**).

In this appeal, Burrelle contends that the Circuit Court erred in entering: (1) the 2013 Dismissal Order and a July 16, 2013 Final Judgment thereon (the **2013 Dismissal Judgment**);[2] (2) the Order Denying First Motion to Vacate; (3) the Order

---

[1]   The Honorable Rhonda I.L. Loo presided.

[2]   The 2013 Dismissal Judgment was appealed by Burrelle, but this court held that the 2013 Dismissal Judgment was not an appealable final judgment because it did not expressly dismiss the remaining counts and, as a consequence, Counts 1 and 3-8 were still pending along with the Third-Party Complaint. See Bailey v. Duvauchelle, CAAP-13-0002812, 2014 WL 169744, at *2 (Haw. App. Jan. 15, 2014) (**Bailey II**). This court dismissed the appeal for lack of appellate jurisdiction. Id.

Denying the Second Motion to Vacate; (4) the Order Denying Motion for Leave; and (5) the Amended Final Judgment.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Burrelle's contentions as follows:

The Amended Final Judgment concluded the action brought by Plaintiff-Appellee Zachary Fred Bailey (**Bailey**) against Burrelle and additional parties, in which Bailey sought to establish legal ownership of certain land located on the Island of Molokaʻi in Maui County. The Amended Final Judgment dismissed Counts 1 and 3-8 of Bailey's Amended Complaint with prejudice.

Previously, on October 25, 2010, the Circuit Court entered a judgment pursuant to the Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 54(b),[3] entering judgment in favor of Bailey and against the Duvauchelles on Count 2 of the Amended

---

[3]     HRCP Rule 54(b) states:

**(b) Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Complaint, the claim for declaratory relief (2010 Judgment).[4] The 2010 Judgment declared:  (1) "Bailey is the rightful owner in fee simple of Parcel 27 . . . including the flag pole portion;" (2) the Duvauchelles "do not own or have any legal or equitable right, title or interest to any portion of Parcel 27, including the flag pole portion by deed, devise, descent or adverse possession, including the flagpole portion;" and (3) "Bailey is entitled to immediate and exclusive use, right and possession of all of Parcel 27, including the flagpole portion."  The Circuit Court indicated in the 2010 Judgment, pursuant to HRCP Rule 54(b), that there was no just reason for delay in the entry of judgment with respect to Count 2, as it fully and finally resolved the question of title and ownership of Parcel 27, including the flag pole portion.

Burrelle appealed the 2010 Judgment to this court in Bailey v. Duvauchelle, CAAP-10-0000172, 2012 WL 2505299 (Haw. App. June 29, 2012) (SDO) (**Bailey I**).  In Bailey I, this court affirmed the 2010 Judgment in all respects.  2012 WL 2505299, at *1-*3.  This court expressly found that the Circuit Court did not err in granting the declaratory relief requested in Count 2 because Bailey demonstrated a substantial interest in the property and superior record title.  Id. at *1.  In addition, this court held that the Duvauchelles failed to set forth a *prima facie* case for adverse possession and, therefore, the Circuit Court did not err in granting summary judgment in favor of Bailey

---

[4]      The **Duvauchelles** are Burrelle and Defendant-Appellee Betty J. Duvauchelle, Trustee under Living Trust of Burrelle Duvauchelle and Betty Duvauchelle U/D/T Dated 7/1/91.

4

on his claim that the Duvauchelles had not acquired title to the disputed property by adverse possession. Id. at *2. Burrelle did not seek certiorari review of Bailey I by the Hawai'i Supreme Court.

Thereafter, Bailey sought to voluntarily dismiss his remaining claims, and in 2015, Burrelle sought leave to file a counterclaim challenging the 2010 Judgment. The Circuit Court dismissed the remaining claims and denied leave to file counterclaim.

(1) Burrelle argues that the Circuit Court erred in entering the Amended Final Judgment dismissing Bailey's remaining claims against him, Claims 1 and 3-8 of the Amended Petition, because Burrelle "was in the process of moving to vacate the [2010 Judgment] based on newly discovered evidence proving the judgment was void."

"A judgment is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." In re Genesys Data Techs., Inc., 95 Hawai'i 33, 38, 18 P.3d 895, 900 (2001) (citation and internal quotation marks omitted) (emphasis added); see also Bank of Hawaii v. Shinn, 120 Hawai'i 1, 14-15, 200 P.3d 370, 383-84 (2008); 11 Charles Alan Wright and Arthur R. Miller, Federal Practice & Procedure Civil § 2862 (3d ed. 2008). In Genesys, the Hawai'i Supreme Court reiterated that "[i]n the sound interest of finality, the concept of void judgment must be narrowly restricted." Genesys, 95 Hawai'i at

38, 18 P.3d at 900 (quoting <u>Dillingham Inv. Corp. v. Kunio Yokoyama Tr.</u>, 8 Haw. App. 226, 233, 797 P.2d 1316, 1320 (1990)).

Burrelle argues on appeal, as he did before the Circuit Court in his First Motion to Vacate and in his Second Motion to Vacate, that he has newly discovered evidence, which includes an engineering report that purportedly shows that the survey used by Bailey as evidence supporting his declaratory judgment claim, resolved by the 2010 Judgment, was defective. Burrelle also submitted additional photographic evidence and affidavits from individuals associated with Parcel 27 in support of his claim that he, and not Bailey, is legally entitled to the flag pole portion of Parcel 27.

However, Burrelle's "newly discovered evidence" does not render the 2010 Judgment void; it is unrelated to the Circuit Court's jurisdiction over the subject matter, jurisdiction over the parties, or whether Burrelle was afforded due process. <u>See</u> <u>Genesys</u>, 95 Hawai'i at 38, 18 P.3d at 900. This argument is without merit and does not constitute grounds for denial of Bailey's request to dismiss Bailey's remaining claims. Burrelle has presented no reason why the dismissal of Bailey's remaining claims against him would prejudice him, and we find none. We conclude that the Circuit Court did not abuse its discretion in dismissing with prejudice Bailey's remaining claims.

(2) Burrelle argues that the Circuit Court erred in denying his First Motion to Vacate and his Second Motion to Vacate (collectively, **Motions to Vacate**) because he "clearly produced sufficient evidence twice proving the Bailey claimed

flag pole lot was not on and not over Defendant's land and never was" and that "the Court committed a gross miscarriage of justice by quieting title to that lot or roadway to Plaintiff Bailey."

HRCP Rule 60(b) governs the granting of relief from a judgment for reasons other than clerical mistakes and provides, in relevant part:

> **(b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void . . . . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

The Motions to Vacate purportedly sought to vacate the 2013 Dismissal Judgment. However, it is apparent that Burrelle actually seeks to attack the 2010 Judgment based on the purported newly discovered evidence discussed above. The 2010 Judgment, however, was not subject to a Rule 60(b) motion based on newly discovered evidence when the Motions to Vacate were filed because such motions must be brought within one year of the entry of judgment. See HRCP Rule 60(b). The First Motion to Vacate was filed on April 3, 2014, and the Second Motion to Vacate was filed on August 20, 2014; thus, both motions were filed over three years after the entry of the 2010 Judgment on October 25, 2010. Therefore, we conclude that the Circuit Court did not abuse its discretion in denying the Motions to Vacate based on newly discovered evidence.

(3) Burrelle further argues that the Circuit Court's entry of the Amended Final Judgment dismissing Bailey's remaining

7

claims "violated [his] constitutional right to due process, equal protection, and the right to a jury trial." The court cannot discern the nature of the claim he is making as Burrelle fails to explain what specific actions taken by the Circuit Court, or not taken by the court, violated his constitutional rights. Bare assertions that one's constitutional rights have been violated are insufficient and must be disregarded. See Kakinami v. Kakinami, 127 Hawai'i 126, 144 n.16, 276 P.3d 695, 713 n.16 (2012) (citing In re Guardianship of Carlsmith, 113 Hawai'i 236, 246, 151 P.3d 717, 727 (2007) (noting that this court may "disregard a particular contention if the appellant makes no discernible argument in support of that position") (internal quotation marks and brackets omitted)). Accordingly, we reject Burrelle's contention that his constitutional rights were violated in this case.

(4) Finally, Burrelle argues that the Circuit Court erred in denying his Motion for Leave. Burrelle sought leave to file a counterclaim, whereby he would seek to establish that he had "acquired title by deed and adverse possession for over 20 years" to the flag pole portion of Parcel 27. Burrelle sought to quiet title to the same property that Bailey sought to and did establish was his legal entitlement through the 2010 Judgment.

Accordingly, Burrelle's proposed counterclaim was a compulsory counterclaim. See HRCP Rule 13(a).[5] Thus, Burrelle

---

[5]    HRCP Rule 13(a) states:

(a) **Compulsory Counterclaims.** A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the

was required to seek leave of court pursuant to HRCP 13(f). HRCP Rule 13(f) states: "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment." The Circuit Court's denial of an HRCP Rule 13(f) motion is reviewed for abuse of discretion. See Marks v. Marks, 51 Haw. 548, 563-64, 465 P.2d 996, 1004 (1970). As the Circuit Court already considered the merits of Burrelle's claim to title prior to and in conjunction with the entry of the 2010 Judgment, and we previously affirmed the 2010 Judgment, we conclude that the Circuit Court did not abuse its discretion in rejecting Burrelle's request to file a counterclaim in an attempt to re-litigate the matter.

---

subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action or (2) the opposing party brought suit upon the claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13.

For these reasons, the Circuit Court's January 19, 2016 Amended Final Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, September 27, 2018.

On the briefs:

R. Steven Geshell,
    and
Hayden Aluli,
for Defendant-Appellant.

Jade Lynne Ching,
Kee M. Campbell,
(Alston Hunt Floyd & Ing),
for Plaintiff-Appellee.

J. Stephen Street,
for Defendant/Third-Party
 Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge